IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-09-067 |
| | § | |
| JERRY RAMSEY | § | (Civil Action No. H-13-2379) |

## **MEMORANDUM AND ORDER**

Defendant Jerry Ramsey filed a Motion to Vacate, Set Aside or Correct Sentence ("§ 2255 Motion") [Doc. # 113], seeking relief under 28 U.S.C. § 2255. In his § 2255 Motion, Ramsey complains that he was sentenced to 120 months on a count for which the mandatory minimum was 84 months. Having reviewed the full record and applied governing legal authorities, the Court **denies** Ramsey's § 2255 Motion.

## I.     **BACKGROUND**

Defendant Ramsey and two Co-Defendants robbed a bank at gun point, during which an 84-year-old woman was injured. Ramsey was charged by Indictment [Doc. # 17] with one count of aggravated bank robbery (Count 1) and one count of brandishing a firearm during a crime of violence (Count 3). On April 23, 2009, Ramsey entered a plea of guilty to both charges pursuant to a written Plea Agreement

[Doc. # 33]. The maximum sentence as to Count 1 was 25 years, and the potential sentence as to Count 3 was 7 years (84 months) to life imprisonment.

On November 5, 2009, Ramsey was sentenced to 75 months on Count 1, within the calculated sentencing guideline range of 70 to 87 months. Ramsey was sentenced on Count 3 to a term of imprisonment for 120 months, to run consecutive to the sentence on Count 1. The Judgment in a Criminal Case ("Judgment") [Doc. # 92] was signed on November 10, 2009, and docketed on November 12, 2009. On August 12, 2013, Ramsey filed his § 2255 Motion.

## II.     **WAIVER OF RIGHT TO SEEK RELIEF UNDER § 2255**

The Fifth Circuit has held that criminal defendants may waive statutory rights just as they may waive constitutional rights. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992) (holding that "a defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence"); *United States v. Narvaez*, 452 F. App'x 488, 490 (5th Cir. Nov. 28, 2011). In this case, Ramsey waived his right to challenge his conviction or sentence, either on direct appeal or collaterally pursuant to § 2255. *See* Plea Agreement [Doc. # 33], ¶ 7. Defendant does not assert that his waiver was not knowing or voluntary. As a result, pursuant to clearly-established Fifth Circuit case law, Ramsey waived his right to pursue collateral relief, and this § 2255 Motion is denied.

## II.     MOTION IS UNTIMELY

A § 2255 Motion is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f); *Dodd v. United States*, 545 U.S. 353, 354 (2005). Where, as here, no direct appeal is filed, the conviction becomes final and the one-year limitations period begins to run when the period for filing a direct appeal expires.[1] *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

In this case, the Judgment was signed on November 10, 2009, and entered on November 12, 2009. Any notice of appeal was due by November 27, 2010. *See* FED. R. APP. P. 4(b)(1)(A)(I) (notice of appeal in a criminal case must be filed within ten

---

[1] The one-year limitations period begins to run from the latest of –

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Ramsey asserts no factual basis for the application of paragraphs (2) - (4) in this case.

days after entry of judgment); FED. R. APP. P. 26(a)(2) (when time limit is less than eleven days, weekend days and holidays are excluded).[2]  Therefore, Ramsey was required to file any § 2255 Motion by November 29, 2010.[3]  The pending § 2255 Motion, filed August 12, 2013, is untimely.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).  Equitable tolling applies generally where the defendant has been actively misled by the Government about his claim "or is prevented in some extraordinary way from asserting his rights." *Id.* (internal quotations and citations omitted).  Ramsey asserts no factual basis for the application of equitable tolling in this case.  His only explanation for failing to file the § 2255 Motion within the limitations period is that his attorney did not advise him "on the laws and appeals." *See* § 2255 Motion, ¶ 18.  There is no constitutional right to counsel in § 2255 proceedings. *See Ford v. United States*, 363 F.2d 437, 437-38 (5th Cir. 1966); *United States v. Gaytan-Ortiz*, 308 F. App'x 798, 800 (5th Cir. Jan. 28, 2009).

---

[2]The deadlines for filing a notice of appeal and the rules for computing and extending time were amended effective December 1, 2009, after Ramsey's conviction and sentence became final.  The deadline under the 2009 amendments, however, would be the same date.

[3]November 27, 2010 was a Saturday.  Therefore, the deadline is extended to the following Monday, November 29, 2010. *See* FED. R. APP. P. 26(a)(3)(A).

Ramsey's § 2255 Motion is untimely and there is no basis for the application of equitable tolling. As a result, the § 2255 Motion is denied.

## III.    MOTION FAILS ON THE MERITS

Even if Ramsey had not waived his right to seek relief under § 2255, and even if his § 2255 Motion were not untimely, the Court would deny relief. Ramsey complains that he received a consecutive 120-month sentence even though the mandatory minimum was 84 months. The Court, after careful consideration of the facts of the case, sentenced Ramsey within the statutory parameters for Count 3 which were seven (7) years to life. Antwaine Alexander, one of Ramsey's Co-Defendants, had been sentenced to 75 months followed by a consecutive term of imprisonment for 120 months. *See* Judgment in a Criminal Case as to Antwaine Alexander [Doc. # 90]. In order to impose an appropriate sentence in Ramsey's case, and to avoid unwarranted disparity between Ramsey's sentence and that of Alexander, the Court in its discretion imposed the consecutive sentence of 120 months as to Count 3.[4] Ramsey has failed to identify any factual or legal basis for relief under § 2255. As a result, the § 2255 Motion is denied.

## IV.    CERTIFICATE OF APPEALABILITY

---

[4] Co-Defendant Derrick Hills was sentenced to 41 months followed by a consecutive term of imprisonment for 60 months. Hills received a lesser term of imprisonment primarily because he was the driver during the robbery and did not enter the bank with a firearm.

Any review of this Court's decision on Ramsey's post-judgment motion for relief from his sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c). Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of Ramsey's claim – either regarding the waiver, the untimeliness, or the merits – debatable or wrong. Because Defendant does not otherwise allege facts showing that his claim could be resolved in a different manner, a certificate of appealability will not issue in this case.

### V.     CONCLUSION AND ORDER

Ramsey waived his right to seek relief pursuant to § 2255, and his § 2255 Motion is untimely. Even if properly before the Court, Ramsey's claim for relief would fail on the merits. He was sentenced above the mandatory minimum but below the statutory maximum. Accordingly, it is hereby

**ORDERED** that Ramsey's § 2255 Motion [Doc. # 113] is **DENIED** and the corresponding civil action, H-13-2379, is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that a certificate of appealability will not issue because Defendant has not made "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).

This is a final, appealable Order.

SIGNED at Houston, Texas, this 19th day of **August, 2013**.

_____
Nancy F. Atlas
United States District Judge